**Sidney KAUFMAN, Plaintiff,**

v.

**CAMPEAU CORPORATION, et al., Defendants.**

**Civ. No. C–1–89–0636.**

United States District Court, S.D.Ohio, W.D.

Aug. 2, 1990.

---

Gene Mesh, Cincinnati, Ohio, C. Oliver Burt, Haverford, Pa., Daniel Krasner, New York City, for plaintiff.

James Adams, Cincinnati, Ohio, Thomas Palmer, Columbus, Ohio, John Beerbower, New York City, for defendants.

## ORDER REGARDING CANADIAN SHAREHOLDERS

CARL B. RUBIN, District Judge.

Defendants contend that Canadian shareholders who purchased their shares on Canadian stock exchanges should not be included in the class. They allege that these individuals are subject to a defense of lack of subject matter jurisdiction which is unique to their claims.

The federal securities laws provide no indication as to when American federal courts have jurisdiction over securities law claims arising from extraterritorial transactions. *Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 29–30 (D.C.Cir.1987); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990). However, many courts have found subject matter jurisdiction to exist over such transactions when certain tests are satisfied. These tests include the "effects test" and the "conduct test".

The effects test examines the impact of acts or omissions occurring outside of the United States on the American securities market or American investors. *See MCG*, 896 F.2d at 174; *Des Brisay v. Goldfield Corp.*, 549 F.2d 133 (9th Cir.1977); *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 993 (2d Cir.), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975). The Court in *Goldfield* held that subject matter jurisdiction may vest over a suit brought by foreign investors and involving securities transactions which occurred abroad if the securities are registered and listed on the national stock exchange and the effect of the foreign transaction is adverse to buyers, sellers, and holder of those securities. The Second Circuit has applied the effects test more stringently and found that an adverse effect on American securities or investors is generally insufficient to confer jurisdiction over claims of foreign investors arising from foreign transactions. *Bersch*, 519 F.2d at 989. Rather, jurisdiction may vest with regard to fraudulent acts committed abroad only if they result in injury to purchasers or sellers of securities in whom the United States has an interest. *Id.*

The conduct test applies to claims by foreign investors arising out of foreign transactions where it is alleged that fraud-

ulent acts occurred in the United States. *See MCG*, 896 F.2d at 174. The reasoning supporting the exercise of jurisdiction under this test is that Congress did not intend the United States to be used as a base for fraudulent securities schemes, even when the victims are foreigners. *Bersch*, 519 F.2d at 987 (citing *IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir.1975)).

The Second Circuit in *Bersch* adopted a strict formulation of the conduct test under which only acts or omissions that directly cause losses abroad are sufficient to confer jurisdiction over sales of securities to foreigners outside of the United States. *Bersch*, 519 F.2d at 983; *See also Zoelsch*, 824 F.2d at 33. Other courts have employed a more relaxed standard which allows the exercise of jurisdiction over foreign investors where "at least some activity designed to further a fraudulent scheme" has occurred within the United States. *SEC v. Kasser*, 548 F.2d 109, 114 (3d Cir.), *cert. denied*, 431 U.S. 938, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977).

■ Upon review of the pertinent cases and the reasoning underlying the decisions, this Court adopts the general proposition that the federal securities laws were not intended to protect foreigners who purchase stock on foreign exchanges. *See Zoelsch*, 824 F.2d at 31. Plaintiffs have not cited anything in the legislative history of the federal securities laws or in the laws themselves which would support a contrary finding.

■ Consistent with the above determination, the effects test and conduct test should be narrowly construed. Accepting the allegations of the second consolidated amended class action complaint, the Court finds that the exercise of jurisdiction over the Canadian investors' claims is not warranted under either test. The alleged conduct giving rise to this cause of action occurred primarily in Canada. The only acts which plaintiffs claim took place in this country were the inclusion of alleged misrepresentations in reports filed with the Securities and Exchange Commission and in statements made to the press and circulated in the United States. These acts are insubstantial in comparison to conduct which allegedly occurred in Canada. Moreover, the Court fails to discern how inclusion of alleged misrepresentations and omissions in materials filed or circulated in the United States could have played a significant role in any losses sustained by the Canadian investors. In short, the conduct alleged to have occurred within the United States has too tenuous a connection with the claims of the Canadian investors to support the exercise of jurisdiction over such claims.

Nor is the exercise of subject matter jurisdiction over the Canadian investors' claims warranted under an effects test. Plaintiffs cite the unitary nature of the Canadian and domestic markets and the fact that defendants' stock was traded on an American exchange as bases for the exercise of jurisdiction over these claims. Defendants' actions in Canada may have had an effect on the American securities market or on American investors, so as to justify the exercise of jurisdiction over the claims of those Americans who purchased stock during the class period. However, to exercise jurisdiction over the claims of Canadian investors based on acts or omissions committed within their own country would not further the purpose of the Securities and Exchange Act of protecting American investors and the American securities market. The mere fact that such conduct may have adversely affected American investors and markets does not justify extending the protection of the securities laws to foreign investors in this case.

Finally, the Court would not serve the policies underlying the federal securities laws by exercising subject matter jurisdiction over the Canadian investors' claims. These policies have been identified as (1) to avoid creating a haven within the United States for those who would defraud foreign investors; (2) to protect foreign investors lured into fraudulent schemes by acts committed in the United States with the expectation that other countries would afford the same protection to American investors; and (3) to elevate the standard of conduct in securities transactions. *MCG*, 896 F.2d

at 174. According to plaintiffs' allegations, defendants neither sought to use the United States as a base from which to defraud foreign investors nor committed acts in the United States designed to lure the Canadian investors into a fraudulent scheme. Moreover, since the alleged wrongful conduct emanated from Canada, accepting jurisdiction over the claims of the Canadian investors would do little to elevate the standard of conduct in the American securities market. The Court therefore finds no basis for asserting subject matter jurisdiction over the claims of the Canadian investors who bought their stock on Canadian exchanges. Accordingly, these individuals are not properly included in the class.

IT IS SO ORDERED.