**NATHAN GORDON TRUST, Plaintiff,**

v.

**NORTHGATE EXPLORATION, LTD., et al., Defendants.**

**No. 91 Civ. 3937 (TPG).**

United States District Court, S.D. New York.

April 1, 1993.

I. Stephen Rabin, New York City, for plaintiff.

Steven E. Lewis, Dunnington, Bartholow & Miller, New York City, for Northgate.

Bruce H. Schreider, Strook & Strook & Lavan, New York City, for Kearney, Boland and Downey.

## OPINION

GRIESA, Chief Judge.

This is a securities class action alleging fraud on the market, brought by a trust which purchased stock in defendant Northgate. Northgate is a Canadian corporation which has substantial interests in companies that own and operate ore mines. Its stock is traded on the New York Stock Exchange as well as exchanges in other countries. The four individual defendants are officers and directors of Northgate.

Plaintiff moves for class certification. The proposed class is defined as all persons who purchased or otherwise acquired the common stock of Northgate from March 24, 1989 through November 16, 1990. Defendants oppose certification, claiming that plaintiff is not a proper class representative. In the alternative, defendants argue that the proposed class must be limited.

The motion to certify a class is granted. The class definition will be described hereafter.

## THE COMPLAINT

The complaint alleges that defendants violated § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5. The allegations relate to a large gold mine in northern Canada, called the Colomac Mine, in which Northgate had an ownership interest. The claim is that there were misrepresentations by Northgate as to the potential profitability of that mine. The complaint identifies Northgate's 1988 Annual Report, released in March 1989, as the first of such misrepresentations. The complaint also alleges that quarterly reports (Forms 10–Q) were subsequently filed by Northgate with the SEC in 1989, and that these contained similar misrepresentations. Northgate issued its 1989 Annual Report in March 1990 and made its annual filing with the SEC in a Form 10–K at that time. Again, it is alleged that these documents misrepresented the prospects of Colomac. It is claimed that there were fur-

ther misrepresentations in two Forms 10–Q, filed for the first two quarters of 1990, and that false information found its way into an August 1990 newspaper article circulated in the United States.

According to the complaint, the actual facts about Colomac, which were adverse, came to light in the third quarter 1990 Form 10–Q, which was filed with the SEC on November 13, 1990. This document stated that Northgate would take a $68.4 million charge against earnings because of Colomac. The report explained that the reason for this was a decline in gold prices and negative consequences of a change in Canadian–United States exchange rates.

It is alleged that on November 5, 1990 Northgate stock was selling on the New York Stock Exchange for $3 per share, and that by November 16 the price had dropped to $1.12 per share.

The complaint alleges that plaintiff is a trust which purchased 17,000 shares of Northgate's common stock on the New York Stock Exchange during the proposed class. According to the complaint there are approximately 15,000 common shareholders of Northgate and 10,500,000 shares were traded during the proposed class period.

## DISCUSSION

There appears to be no challenge to the fact that certain of the criteria for a class action are met. Clearly, the number of potential claimants is sufficient to make a class action desirable, and it appears obvious that the common questions of law and fact predominate over individual questions.

However, defendants make two contentions. They urge that plaintiff's claims are not typical of those of the class and that plaintiff is not an adequate class representative. Also, defendants contend that, even if these issues are resolved in favor of plaintiff, and this is declared to be a proper class action, the class should be limited to persons purchasing Northgate stock on the New York Stock Exchange. According to defendants, persons purchasing on foreign exchanges should be excluded from the class.

■ The argument about typicality is that the trustee of plaintiff's trust, Nathan Gordon, obtained certain information about Northgate which was not generally ascertained by the potential class members. Defendants allege that Gordon had a telephone conversation with a Northgate officer at a certain point during the time the trust was making its purchase. Also, defendants point out that Gordon was a shareholder of a company affiliated with Northgate, and obtained certain information about Northgate and Colomac by way of materials issued by this affiliated company.

In the view of the court none of these circumstances indicates that the claim of plaintiff is untypical to an extent that would disqualify plaintiff from representing the class. The fact that Gordon may have obtained certain supplemental information does not take away in any substantial degree from the basic contention of the Gordon trust that it relied on the integrity of the market and the truthfulness of the information which was influencing that market. The court rules that plaintiff's claim is sufficiently typical of the class claims as to make plaintiff a proper representative in this regard.

Defendants argue that the Gordon trust is revocable and therefore cannot be counted on to pursue this action to the end. Defendants also argue that Gordon lacks sufficient knowledge of the facts to be a class representative. Neither of these claims has any weight. There is no indication that the Gordon trust, having made a very substantial investment in Northgate, will be dissolved so that it cannot pursue its own claim and the claims of class members. Also, it is familiar law that a class representative need not have personal knowledge of the evidence and the law involved in pursuing a litigation. It is the lawyer's task to prepare the case both on the facts and the law.

Plaintiff is an adequate class representative.

■ It is now necessary to deal with defendants' contention that the proposed class definition is too broad. The problem raised by the defendants arises from the fact that Northgate stock is traded on the Toronto, Montreal and London stock exchanges, as

well as on the New York Stock Exchange. It further appears that the alleged misrepresentations were authored entirely in Canada, although they appear in documentation filed with the SEC in the United States and were to some extent circulated in the United States. This gives rise to the argument that the federal court in New York has no subject matter jurisdiction over claims of persons who bought the Northgate stock on the Toronto, Montreal and London stock exchanges.

Since the Securities Exchange Act is silent as to its extraterritorial application, courts have developed two tests for determining the subject matter jurisdiction over foreign transactions. The Second Circuit has stated:

> Under the "conduct" test, a federal court has subject matter jurisdiction if the defendant's conduct in the United States was more than merely preparatory to the fraud, and particular acts or culpable failures to act within the United States directly caused losses to foreign investors abroad. A federal court also has jurisdiction under the "effects" test where illegal activity abroad causes a "substantial effect" within the United States.

*Alfadda v. Fenn,* 935 F.2d 475, 478 (2d Cir. 1991).

Plaintiff contends that there was sufficient "conduct" by Northgate in the United States to confer subject matter jurisdiction on this court over claims involving purchases both on the New York Stock Exchange and foreign stock exchanges. Plaintiff points to the filing of allegedly false and misleading statements with the SEC in the United States.

Defendants, on the other hand, downplay Northgate's conduct in America while emphasizing the company's Canadian operations. Defendants argue that this case is similar to *Bersch v. Drexel Firestone, Inc.,* 519 F.2d 974 (2d Cir.1975) (holding that there was no jurisdiction for a fraud involving a prospectus primarily prepared and issued outside of the United States) and *Kaufman v. Campeau Corp.,* 744 F.Supp. 808 (S.D.Ohio 1990) (refusing to exercise jurisdiction because acts in the United States were insubstantial in comparison to conduct that allegedly occurred in Canada).

The court rules that the relevant "conduct" in the present case occurred in Canada where the alleged misleading information was authored. The mere filing of reports with the SEC and the dissemination of some materials to shareholders in the United States were merely incidental to the authorship, preparation and dissemination of the allegedly false information, all of which occurred in Canada. Accordingly, the court does not have subject matter jurisdiction over the claims arising from transactions on foreign exchanges. The class will be limited to transactions on the New York Stock Exchange.

■ Defendants' next contention is that the class period must end no later than March 29, 1990, the date on which Northgate issued its 1989 Annual Report and Form 10–K. According to defendants, these documents disclosed facts which were sufficient to cure any prior misrepresentation or omission.

The court declines to rule on the factual issue of whether there had been a proper curative disclosure. Instead, the court will certify the broader class period. *See Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 572 (2d Cir.1982) ("it would be improper for a district court to resolve substantial questions of fact going to the merits when deciding the scope or time limits of the class"). Of course, the court also reserves the right to modify this class period at a later time.

■ Defendants also argue that any class should exclude in-and-out traders—those who bought *and* sold during the class period because those traders would have conflicting interests with the other class members. However, defendants have presented no authority to support their argument. While there may be a later issue as to damages for these in-and-out traders, they are still proper members of a plaintiff class.

## CONCLUSION

The court grants plaintiff's motion to certify a class action under Fed.R.Civ.P. 23.

The court orders that the class will consist of all persons who purchased or otherwise acquired Northgate common stock on the New York Stock Exchange from March 24,

1989 to November 16, 1990. Excluded from the class are defendants herein, members of the immediate family of the individual defendants, any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any defendant.

The Nathan Gordon Trust is certified as the class representative.

SO ORDERED.